{¶ 24} I concur in the majority's analysis and disposition of both of appellant's assignments of error. I write separately only to further address appellant's claim his double jeopardy right was violated because he had a reasonable and legitimate expectation of finality in his original sentence.
 {¶ 25} Appellant premises this argument on United States v. DiFrancesco (1980), 449 U.S. 117. While conceding the DiFrancesco Court did not face the precise issue raised here, appellant argues the reasonable corollary of the DiFrancesco rule is ". . . just as the existence of a right to an appeal by either party defeats a reasonable expectation of finality in the sentence, it is likewise true that the expiration of that right to appeal revives a legitimate, reasonable expectation of finality." (Appellant's Brief at p. 8-9). Appellant then quotes DiFrancesco: "[a defendant] has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired". Id. at 136. Appellant argues because appellee herein did not appeal his sentence as provided for in R.C. 2953.08, appellant had a reasonable expectation of finality recognized by the DiFrancesco Court.
 {¶ 26} DiFrancesco is significantly different from the case sub judice. DiFrancesco involved the federal statutory right of the government to seek an increased sentence on appeal; not the correction of an invalid sentence. The original sentence imposed by the trial court in DiFrancesco was not illegal, nor did it fail to include any statutorily required punishments. DiFrancesco involved only the government's right to seek a greater punishment in the appellate court than the one legally originally imposed by the trial court. This distinction was not lost on the four justice block who dissented in DiFrancesco. As Justice Brennan specifically pointed out in a footnote in his dissent, "Under my view of the double jeopardy protection against multiple punishments a sentence may not be increased once a technically correct sentence has been imposed. I would distinguish correction of a technically improper sentence which the Court has always allowed. See, e.g., Bozza v. United States, 330 U.S. 160, 165-167, 67 S.Ct. 645,648-649, 91 L.Ed. 818 (1947)." Id. at 146. Thus, appellant's attempt to apply the DiFrancesco corollary to the case sub judice, which involves a technically incorrect sentence, is unpersuasive.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.